IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KIMBERLEE HARTKE,

                            Plaintiff,                        OPINION & ORDER

    v.

                                                          15-cv-102-jdp

WESTMAN PROPERTY MANAGEMENT,
INC., JANE WARD, CHRISTOPHER WARD,
and SMITH AND ASSOCIATES,

                            Defendants.

---

      Plaintiff Kimberlee Hartke used to live in California, where she rented a residence that was owned by defendants Jane and Christopher Ward and managed by defendant Westman Property Management, Inc. Apparently, Hartke failed to pay the rent, and Westman Property evicted her and got a judgment against her for the unpaid rent. Westman Property engaged defendant Smith and Associates, a debt-collecting law firm, to collect on the California judgment. After Hartke moved to Wisconsin, Smith and Associates garnished her Wisconsin wages in a manner that Hartke contends is illegal under federal and Wisconsin law.

      Hartke brought this lawsuit alleging that defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Wisconsin Consumer Act, Wis. Stat. §§ 421-27, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendant Westman Property moves to dismiss the complaint for lack of personal jurisdiction and failure to state a claim. Dkt. 8. The court will grant the Wards' motion to join Westman Property's motion. Dkt. 24. This court does not have personal jurisdiction over Westman Property or the Wards. Although they hired Smith and Associates to collect on the California judgment—while Hartke was a California resident—they did nothing in Wisconsin, nor did they purposefully direct any action toward Wisconsin.

ALLEGATIONS OF FACT

The following facts are drawn from the complaint and substantially uncontroverted affidavits submitted in support of the motion to dismiss. Hartke entered into a residential lease in California for property owned by the Wards and managed by Westman Property. In 2007, Westman Property sued Hartke for eviction and past due rent, resulting in a judgment against her in California in the amount of $1,916.79. Westman Property engaged Smith and Associates to collect on the judgment, in exchange for 50 percent of any amount collected. Also in 2007, Westman Property ceased managing the Wards' property, and later went out of business. Neither Westman Property nor its owner Keith Westman, has ever done any business or owned property in Wisconsin.

In May 2008, Hartke moved to Chippewa County in Wisconsin. In September 2011, Smith and Associates filed a wage garnishment order in the amount of $2,826.69, which was served on Hartke's Wisconsin employer. Smith and Associates did not enter a transcript of the California judgment in Chippewa County before initiating the garnishment action. Hartke's wages were garnished from 2011-2013. As recently as October 2014, Hartke received an invoice from Smith and Associates. That invoice stated that she still owes $2,921.33. Hartke attempted to contact Smith and Associates to dispute the amount of interest, but she received no response.

The Wards, owners of the property leased by Hartke, are residents of Nevada. Although they received occasional payment from Smith and Associates as Hartke paid on the judgment, they were unaware that Hartke had moved to Wisconsin. Like Westman Property, the Wards have had no contact with Wisconsin.

Hartke brought this action on February 17, 2015, alleging that defendants violated the FDCPA, the Wisconsin Consumer Act, and § 1983. She seeks damages, fees, and injunctive relief.

ANALYSIS

When, as here, jurisdiction is challenged on a motion to dismiss, the court accepts all well-pleaded factual allegations the complaint as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012). The court can consider affidavits submitted in support of a motion to dismiss, but it resolves any factual disputes in plaintiff's favor. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). In this case, the material facts pertaining to jurisdiction are undisputed. There is an unexplained conflict in the record concerning the date of the California judgment, but this is not material to the jurisdiction issue.

As the party asserting jurisdiction, Hartke bears the burden of making a prime facie showing of personal jurisdiction. *Id.*; *Hy Cite Corp. v. Badbusinessbureau.com, L.L.C.*, 297 F. Supp. 2d 1154, 1157 (W.D. Wis. 2004). Hartke must demonstrate that Westman Property and the Wards fall within Wisconsin's long-arm statute, Wis. Stat. § 801.05, which confers "jurisdiction to the fullest extent allowed under the due process clause." *Felland*, 682 F.3d at 678 (citations omitted). The long-arm statute is liberally construed in favor of jurisdiction. *See Marsh v. Farm Bureau Mut. Ins. Co.,* 179 Wis.2d 42, 52, 505 N.W.2d 162 (Ct. App. 1993). If Hartke makes this showing, then the burden shifts to Westman Property and the Wards to show that exercising jurisdiction over them would offend due process under the federal constitution. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir.), *as amended* (Oct. 13, 1998).

**A.  The court does not have personal jurisdiction over Westman Property**

The first question is whether Wisconsin's long-arm jurisdiction statute would subject Westman Property to personal jurisdiction in Wisconsin courts. *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1216 (7th Cir. 1990). Hartke contends that the court has specific jurisdiction over Westman Property. Dkt. 14, at 6. She cites Wis. Stat. § 801.05(3), which provides that a court has jurisdiction over a defendant where the plaintiff's injury arises out of

3

the defendant's act or omission in Wisconsin. Under this provision, the question in this case is whether Westman Property committed an act or omission in Wisconsin. Acts or omissions occurring outside Wisconsin but having consequences that are felt within Wisconsin do not fit within § 801.05(3). *Lincoln v. Seawright*, 104 Wis. 2d 4, 13-14, 310 N.W.2d 596, 600-01 (1981).

Hartke's complaint includes the following allegations:

- defendants garnished her wages in Wisconsin;

- Westman Property is engaged in debt collection using the mail and telephone;

- Westman Property and the Wards retained Smith and Associates, which in November 2007 filed a civil complaint against Hartke in California, obtaining a judgment of $1,916.71;

- after Hartke moved to Wisconsin in May 2008, Smith and Associates prepared and filed a wage garnishment order on behalf of Westman Property and the Wards in September 2011; and

- defendants garnished Hartke's wages from 2011-2013.

Dkt. 1, ¶¶ 7, 12, 40-45, 52. Although the complaint contends generically that "defendants" garnished Hartke's wages "in Wisconsin," the complaint contains no well-pleaded factual allegation that Westman Property or the Wards were involved in the garnishment, or that they knew that collection activities would involve Wisconsin in any way.

Hartke argues, based on Keith J. Westman's affidavit,[1] Dkt. 9-1, that Westman Property acted in Wisconsin by asking Smith and Associates to engage in collection efforts in Wisconsin that would directly benefit Westman Property. Hartke is correct that "it is well established that injury through mail or electronic communications satisfies section 801.05(3)." *Felland*, 682 F.3d at 679 (citation omitted). But Hartke has badly misread Keith's affidavit, which provides no

---

[1] Keith Westman was the president and registered agent of Westman Propetty.

4

support for the contention that Westman Property asked Smith and Associates to engage in collection efforts *in Wisconsin*, or that Westman Property directed Smith and Associates to take *any* specific action, such as sending collection letters. To the contrary, the affidavit states that Westman Property has not communicated with Smith and Associates since July 2007, when it ceased managing the Wards' property. Dkt. 9-1, ¶ 10. Thus, Westman Property was out of the picture before Hartke moved to Wisconsin.

Hartke also argues that Westman Property should be subject to personal jurisdiction because it benefited from Smith and Associates's collection efforts. But this proposition is also unsupported factually. Keith Westman's affidavit states that he engaged Smith and Associates, but the Wards' affidavits make clear that *they*, not Westman Property, received 50 percent of the collected amount. In any case, Hartke provides no authority for the notion that the mere receipt of the proceeds from collection activity would be sufficient to support personal jurisdiction in the absence of any act committed in Wisconsin. The court concludes that § 801.05(3) of Wisconsin's long-arm statute does not subject Westman Property to personal jurisdiction here.

Even if it did, the court would conclude that the exercise of personal jurisdiction over Westman Property would violate due process. *Hartwig*, 913 F.2d at 1216. At this step, the "burden switches to [the defendant] to show that jurisdiction would nonetheless violate due process." *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996) (internal citations omitted). Specific jurisdiction requires that: (1) Westman Property purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the alleged injury arose from Westman Property's forum-related activities; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Felland*, 682 F.3d at 673 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

5

(1985); and *Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). The court must consider whether Westman Property's conduct and contacts with Wisconsin are "such that [it] could reasonably anticipate being subjected to suit there." *Hartwig*, 913 F.2d at 1218. Contacts that are merely random, fortuitous, or attenuated are not sufficient to establish that jurisdiction was foreseeable. *Id.*

None of these elements are satisfied here because Westman Property's actions were not directed at Wisconsin. *Tamburo v. Dworkin*, 601 F.3d 693, 703 (7th Cir. 2010) (relying on *Calder v. Jones*, 465 U.S. 783 (1984), to analyze whether intentional action was expressly aimed at the forum state "with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state"). Westman Property did not know and could not have anticipated that Hartke would move to Wisconsin, and it did not intentionally direct acts at Wisconsin. The court concludes that it cannot exercise personal jurisdiction over Westman Property consistent with due process.

**B.  The court does not have personal jurisdiction over the Wards**

The court concludes that it may not exercise personal jurisdiction over the Wards for substantially the same reasons that it cannot exercise jurisdiction over Westman Property. The Wards attest that they have not communicated with Smith and Associates since February 2007. The Wards were entitled to 50% of the amounts ultimately collected by Smith and Associates, *id.* ¶ 7, and they received payments between February 2012 and June 2014. Dkt. 25 and Dkt. 26, ¶¶ 6, 10. But this benefit is an insufficient basis for the court to conclude that the Wards are subject to Wisconsin's long-arm statute. The Wards' only contact with Wisconsin was occasioned by *Hartke's* decision to move to Wisconsin, a decision of which the Wards were unaware until after the collection efforts taken by Smith and Associates produced results. The court concludes that because the Wards did not commit any act in, or directed at, Wisconsin,

the exercise of personal jurisdiction is not proper under either Wisconsin's long-arm statute or the due process requirements of the Constitution.

**C. The case may proceed in this district against Smith and Associates**

Westman Property's motion also sought dismissal on grounds other than jurisdiction. Given the court's determination that it does not have personal jurisdiction over either Westman Property or the Wards, the court will not reach the merits of those issues, although some of those are likely meritorious.

Westman Property also sought, in the alternative, transfer of this case to the Southern District of California, which would have personal jurisdiction over defendants. Transfer would have the advantage that the claims against all defendants could be resolved in one case. But the court will decline to transfer the case, because it appears that plaintiff's primary claims are against Smith and Associates, which has not contested personal jurisdiction. The court will not disturb plaintiff's choice of forum for her case against Smith and Associates. Besides, plaintiff may elect to forgo her case against Westman Property and the Wards, in which case this matter will be completely resolved in this court.

However, if plaintiff would like to pursue this case in a court that has personal jurisdiction over all defendants, I would entertain a motion by plaintiff to transfer this case to that court for consolidation. But as it stands now, Westman Property and the Wards are dismissed from this case without prejudice, and the case will proceed against Smith and Associates.

ORDER

IT IS ORDERED that:

1. Defendants Jane and Christopher Wards' Motion to Join defendant Westman Property Management's Motion to Dismiss, Dkt. 24, is GRANTED.

2. Defendants Westman Property and the Wards' Motion to Dismiss for Lack of Jurisdiction, Dkt. 8, is GRANTED.

Entered June 26, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge