UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLEE HARTKE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br><br>WESTMAN PROPERTY MANAGEMENT, INC. ET AL,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-cv-1901-GPC-DHB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[ECF No. 41] |

Before the Court is Plaintiff Kimberlee Hartke's motion for leave to amend her Complaint to add additional parties. (ECF No. 41.) Defendant did not file a response. The Court deems Plaintiff's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Plaintiff's motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to amend.

## BACKGROUND

Plaintiff used to live in California, where she rented a residence that was owned by Defendants Jane and Christopher Ward and managed by Defendant Westman Property Management, Inc. ("Westman Property"). (Mot. Dismiss Order at 1, ECF No. 28.) In

1

2007, Westman Property sued Hartke for eviction and past due rent, resulting in a judgment against her in California in the amount of $1,916.79. (*Id.* at 2.) Westman Property engaged Defendant Smith and Associates, a debt-collecting law firm, to collect on the California judgment. (*Id.*) In May 2008, Hartke moved to Chippewa County in Wisconsin. (*Id.*) In September 2011, Smith and Associates filed a wage garnishment order in the amount of $2,826.69, which was served on Hartke's Wisconsin employer. (*Id.*) Hartke's wages were garnished from 2011-2013 in a manner that Hartke contends is illegal under federal and Wisconsin law. (*Id.*)

On February 17, 2015, Plaintiff filed her operative complaint against Defendants Westman Property Management, Inc., Jane Ward, Christopher Ward, and Smith and Associates in the Western District of Wisconsin under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Wisconsin Consumer Act, Wis. Stat. §§ 421-27, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Wisconsin district court dismissed the Ward and Western Property Defendants for lack for personal jurisdiction. (Mot. Dismiss Order at 3-6, ECF No. 28.)

On July 9, 2015, Plaintiff filed a motion to transfer venue to the Southern District of California (ECF No. 29), which was granted on August 28, 2015. (ECF No. 34.) On September 28, 2015, Magistrate Judge Bartick held a telephonic Status Conference and stayed discovery pending Plaintiff's filing of an amended complaint to bring in the three defendants that were dismissed for lack of personal jurisdiction in the Western District of Wisconsin. (ECF No. 40.)

Plaintiff now seeks to amend her Complaint to bring in the dismissed parties back into the case in a venue that has personal jurisdiction over all the parties. (Mot. Leave Amend at 4, ECF No. 41.) Additionally, Plaintiff seeks to add as a defendant the attorney for Smith and Associates. (*Id.*)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "'shall freely

be given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation and internal quotation marks omitted).

Because Rule 15(a) favors a liberal amendment policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts may consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend, *DCD Programs*, 833 F.2d at 186, but when combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981).

## DISCUSSION

Plaintiff seeks to amend her Complaint to add the three parties that were dismissed by the Wisconsin district court for lack of personal jurisdiction and Defendant Theodore James Smith III ("Smith") who Plaintiff alleges was the "attorney responsible for the actions of Defendant Smith and Associates." (Mot. Leave Amend at 3, ECF No. 41.) There is no undue delay as the case was transferred to this district on August 28, 2015 (ECF No. 35) and Plaintiff filed her instant motion on September 28, 2015 (ECF No. 41); nor is there

indication that Plaintiff has acted in bad faith.  There is also no showing that Defendants would be prejudiced.  Three of the parties Plaintiff seeks to join—Westman Property, Jane Ward, and Christopher Ward—were original parties to the suit and Smith was the attorney for Defendant Smith and Associates.  Plaintiff does not seek to change the nature of the suit and there has been no meaningful discovery conducted in this case.  Discovery was stayed as to all original parties except Smith and Associates pending the other Defendants' motion to dismiss and is currently stayed for purposes of allowing Plaintiff to amend her complaint.  This is Plaintiff's first motion to amend her Complaint and there is no indication that amendment would be futile.

Given these factors, as well as the unopposed nature of the instant motion, Plaintiff's motion for leave to file an amended complaint is **GRANTED**.

## CONCLUSION

Based on the foregoing, and in light of the Ninth Circuit's extremely liberal policy favoring leave to amend, the Court **GRANTS** Defendant's motion.  Plaintiff shall file her amended complaint on or by **December 7, 2015**.  The hearing set for **December 11, 2015** is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated:  December 1, 2015

Hon. Gonzalo P. Curiel
United States District Judge