1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10

11   KIMBERLEE HARTKE,                    Case No.:  3:15-cv-01901-GPC-DHB
12                          Plaintiff,
                                          **ORDER DENYING DEFENDANTS**
13   v.                                   **CHRISTOPHER AND JANE WARD'S**
                                          **MOTION FOR ATTORNEY'S FEES**
14
15   WESTMAN PROPERTY
     MANAGEMENT, INC., JANE WARD,         [ECF No. 96]
16   CHRISTOPHER WARD, SMITH AND
     ASSOCIATES and THEADORE JAMES
17   SMITH III,
18                          Defendants.
19

20         Before the Court is Defendants Christopher Ward and Jane Ward's ("Defendants'")
21   motion for attorney's fees pursuant to Federal Rule of Civil Procedure (hereinafter "Rule")
22   54(d), 42 U.S.C. § 1988(b) and 28 U.S.C. § 1927.  (ECF No. 96.)  The motion has been
23   fully briefed.  (*See* ECF Nos. 103, 108.)  The Court deems Defendants' motion suitable for
24   disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed
25   Defendants' motion and the applicable law, and for the reasons set forth below, the Court
26   **DENIES** Defendants' motion for attorney's fees.
27   //
28   //

## BACKGROUND

Plaintiff used to live in California, where she rented a residence owned by Defendants and managed by Defendant Westman Property Management, Inc. ("Westman Property"). In 2007, Westman Property sued Hartke for eviction and past due rent, resulting in a judgment against her in California in the amount of $1,916.79. (SAC ¶¶ 47–48, ECF No. 60.) In May 2008, Plaintiff moved to Chippewa County in Wisconsin. (*Id.* ¶ 49.) In September 2011, Smith and Associates, a debt–collection firm, filed a wage garnishment order in the amount of $2,826.69 on behalf of the Wards, which was served on Plaintiff's Wisconsin employer. (*Id.* ¶¶ 50–51.) Plaintiff's wages were garnished from 2011 to 2013 in a manner Plaintiff contends is illegal under federal and Wisconsin law. (*Id.* ¶ 58.) Plaintiff alleges that Defendants acted under the color of state law when they served California legal process extraterritorially in Wisconsin without first filing the judgment in Wisconsin court as required by Wisconsin law. (*Id.* ¶¶ 51–55.)

On February 17, 2015, Plaintiff filed her a complaint against Defendants Westman Property Management, Inc., Jane Ward, Christopher Ward, and Smith and Associates in the Western District of Wisconsin under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Wisconsin Consumer Act, Wis. Stat. §§ 421-27, and the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Wisconsin district court dismissed the Ward and Western Property Defendants for lack for personal jurisdiction. (Mot. Dismiss Order at 3-6, ECF No. 28.) On July 9, 2015, Plaintiff filed a motion to transfer venue to this district (ECF No. 29), which was granted on August 28, 2015. (ECF No. 34.)

On December 1, 2015, Plaintiff sought leave to amend her complaint to bring in the dismissed parties back into the case in a venue that has personal jurisdiction over all the parties, which the Court granted. (ECF No. 47.) On December 3, 2015, Plaintiff filed a first amended complaint ("FAC") (ECF No. 48) and on January 12, 2016 a second amended complaint ("SAC") (ECF No. 60) pursuant to a joint motion to correct the spelling of Defendant Theadore Marshall's name. On February 26, 2016, Plaintiff withdrew her claim

for violation of the Wisconsin Consumer Act as to the Ward Defendants, leaving only her section 1983 claim against the Wards.  (ECF No. 73.)

On April 18, 2016, the Parties filed a joint motion/stipulation to dismiss the Ward Defendants with prejudice (ECF No. 88), which the Court granted (ECF No. 89).  On April 28, 2016, Defendants filed the instant motion for attorney's fees.  (ECF No. 96.)  Plaintiff filed an opposition on May 19, 2016 (ECF No. 103) and Defendants filed a reply on June 2, 2016 (ECF No. 108).

## DISCUSSION

Defendants seek an award of attorney's fees in the amount of $15,762.50 in addition to a reasonable amount associated with the filing of the instant motion.

## I.    42 U.S.C. § 1988

### A.    Legal Standard

Attorney's fees are permitted as costs to a prevailing party under 42 U.S.C. ¶ 1988 and under Rule 54(d)(2) of the Federal Rules of Civil Procedure.  Title 42 U.S.C. ¶ 1988(b) states:

> In any action or proceeding to enforce a provision of . . . 42 U.S.C. §§ 1981–1983. . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988.  Under § 1988 jurisprudence, a prevailing defendant is treated differently from a prevailing plaintiff and fees are not awarded routinely or simply because defendant succeeds.  *See Patton v. County of Kings,* 857 F.2d 1379, 1381 (9th Cir. 1988).  To be awarded fees, a prevailing defendant must demonstrate "plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Empl. Opp. Comm'n,* 434 U.S. 412, 421 (1978). This standard is "stringent" one.  *Hughes v. Rowe,* 449 U.S. 5, 14 (1980).

The Ninth Circuit has recognized repeatedly that attorney's fees in civil rights cases "'should only be awarded to a defendant in exceptional circumstances.'"  *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir. 1999) (quoting *Barry v. Fowler,* 902 F.2d 770, 773

(9th Cir. 1990)); *see also Herb Hallman Chevrolet, Inc. v. Nash–Holmes,* 169 F.3d 636, 645 (9th Cir. 1999); *Brooks v. Cook,* 938 F.2d 1048, 1055 (9th Cir. 1991).  As the Supreme Court explained, "[i]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation . . . .  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing a suit.  *Christiansburg,* 434 U.S. at 421–22.  "The decision whether to award attorney's fees under 42 U.S.C. § 1988 is committed to the discretion of the district courts, who are intimately familiar with the course of the litigation."  *Hughes v. Rowe*, 449 U.S. 5, 23 (1980).

The party seeking fees bears the burden of documenting and substantiating fees, and those fees must be reasonable and necessary to the litigation.  *See Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983) (district court should exclude hours that were not "reasonably expended"); *Action on Smoking and Health v. Civil Aeronautics Bd.,* 724 F.2d 211, 219 (9th Cir. 1984) (fee applicant bears burden of documenting appropriate hours expended).  Further, in assessing whether to award attorney's fees, the district court must "consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin."  *Miller v. Los Angeles County Bd. of Educ.,* 827 F.2d 617, 621 (9th Cir.1987); *see also Patton v. County of Kings,* 857 F.2d 1379 (9th Cir. 1988) (applying the *Miller* standard to a case in which plaintiff was represented by counsel).  However, courts should not refuse to grant attorney's fees awards to a prevailing defendant "solely on the ground of the plaintiff's financial situation."  *Patton,* 857 F.2d at 1382.

### B.    Prevailing Party Status

As a threshold matter, the Parties dispute whether the Wards are prevailing parties as required by 42 U.S.C. § 1988.  Defendants argue that, as defendant who were voluntarily dismissed with prejudice, they are prevailing parties.  (Mot. Att'y Fees at 6, ECF No. 96.) Plaintiff responds stipulated dismissal does not convey prevailing party status.  Plaintiff

argues that Defendants' reliance on non–section 1988 cases where defendants were found to be prevailing parties is unavailing and the Court is bound by Supreme Court precedent for determining prevailing–party status.  (Opp'n at 1–3, ECF No. 103.)  The Court agrees.

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* the Supreme Court looked to Black's Law Dictionary to define "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded."  532 U.S. 598, 603 (2001) (alteration in original) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).  While the *Buckhannon* Court did not address how formal a judgment must be, it made clear that a party must receive "some relief" from a court to be considered "prevailing."  *Id.*  ("Our '[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.'") (quoting *Hewitt v. Helms,* 482 U.S. 755, 760 (1987)).  An award of attorney's fees must be preceded by a "'material alteration of the legal relationship of the parties.'" *Id.* at 604 (quoting *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.,* 489 U.S. 782, 792–93 (1989)).  Only such alterations that obtain "the necessary judicial *imprimatur* on the change" will suffice to confer "prevailing party" status upon the plaintiff.  *Id.* at 605. Where the court does not grant at least some relief on the merits, there is not an adequate change in the legal relationship in order for the court to grant fees.  *See Hewitt,* 482 U.S. at 760 (awarding no fees under 42 U.S.C. § 1988 because although plaintiff's constitutional rights had been violated, no specific relief was awarded); *and Hanrahan v. Hampton,* 446 U.S. 754, 757 (1980) (awarding no fees under 42 U.S.C. § 1988 although plaintiff's appeal successfully reversed a directed verdict).

Here, Defendants did not receive any relief on the merits from the Court.  The Parties filed a joint motion to dismiss Plaintiff's remaining section 1983 claim against the Wards with prejudice before the Court ruled on the merits of Defendants' pending motion to dismiss.  (*See* ECF No. 88.)  The Parties dispute whether there was a settlement between Plaintiff and the Wards.  (*See* Opp'n at 2, ECF No. 103 ("This would include cases where the parties settlement (as is what happened in the present case . . . .) and Reply at 5, ECF

No. 108 ("There was no settlement of any kind between Plaintiff and the Wards.).) Defendants' position is supported by correspondence between the parties.  (*See* Reply, Ex. A, ECF No. 108–2.)  Defendants have not cited and the Court is not aware of any cases where a defendant has been found a prevailing party for purposes of section 1988 upon voluntary dismissal under Rule 41(a)(1)(a)(ii).[1]  The Court therefore finds that, as a threshold matter, Defendants have not established they are prevailing parties for purposes of eligibility for attorney's fees under section 1988.

## C.    Whether Plaintiff's § 1983 Claim Was Frivolous or Groundless

Even assuming the Wards are prevailing parties, this does not automatically entitle them to an award of fees under section 1988.  Section 1988 "operates asymmetrically," by allowing a prevailing plaintiff to recover attorneys' fees as a matter of course, but only allowing a prevailing defendant to recover fees in "exceptional circumstances where the court finds that the plaintiff's claims are frivolous, unreasonable, or groundless." *Braunstein v. Ariz. Dept. of Transp.*, 683 F.3d 1177, 1187 (9th Cir. 2012) (quoting *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011)) (internal quotations omitted).  An action is frivolous when the arguments are wholly without merit or when the litigation was pursued with an "improper purpose, such as to annoy or embarrass the defendant." *Douglas v. Pfingston*, 284 F.3d 999, 1006 (9th Cir. 2002).  A claim is not frivolous merely because the "plaintiff did not ultimately prevail." *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg*, 434 U.S. at 421–22)).  "The court has great discretion to determine whether to award fees under § 1988, and must be ever mindful of Congress' policy of promoting vigorous prosecution of civil rights

---

[1] Additionally, Section 1988 provides "the Court, in its discretion, may allow the prevailing party . . . reasonable attorney's fees *as part of the costs* . . . ."  42 U.S.C. § 1988(b) (emphasis added).  For purposes of Rule 54(d) costs, as discussed in the Clerk of Court's order denying the Wards' application for costs, Local Rule 54(f) provides in part: "The defendant is the prevailing party upon any termination of the case without judgment for plaintiff *except a voluntary dismissal under Fed. R. Civ. P. 41(a)*."  Civ. L. R. 54(f) (emphasis added).

violations under § 1983." *Hughes,* 449 U.S. at 14–15.

Plaintiff alleged that Defendants violated section 1983 because they "knew or should have known that their extraterritorial use of California legal process was contrary to both Wisconsin and Federal law" (FAC ¶ 77, ECF No. 77)[2] and that "[f]ailure to comply with Wis. Stat. § 812 violated Ms. Hartke's Fourteenth Amendment due process rights" (*id.* ¶ 78).  Defendants argue that Plaintiff asserted unfounded section 1983 claims "that were ultimately voluntarily dismissed with prejudice."  (Mot. Att'y Fees at 7, ECF No. 96.) Defendants contend that Plaintiff's claims were "groundless and their groundless nature was apparent before the Amended Complaint was filed in this Court," thus entitling Defendants to attorney's fees.  (*Id.* at 8.)  Specifically, Defendants argue that although Plaintiff resided in Wisconsin, "there was no basis whatsoever to support her assertion that the Wards attempted to garnish her wages by undertaking any action in [Wisconsin]." (*Id.*) Defendants further argue that the Wards disingenuously alleged that they served California process on Plaintiff's "Wisconsin employer," which was Wal–Mart—a national company that can and was in fact served in California—and this information was available to Plaintiff before this action was initiated in Wisconsin and transferred to this district.  (*Id.* at 9.)

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty, and property" without due process of law.  U.S. Const., amend. XIV.  A procedural due process claim has two elements: deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."  *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.,* 616 F.3d 963, 970 (9th Cir. 2010).  The Supreme Court has consistently held that constitutional

---

[2] Plaintiff's section 1983 claim is the same in the FAC and the SAC.  However, in determining whether the "frivolous, unreasonable, or groundless" standard has been met, a district court must assess the claim when the complaint was filed in its court.  *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995) (internal quotation marks and citations omitted).

requirements of due process apply to garnishment procedures whenever state officers act jointly with a creditor in securing the property in dispute. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 932–33 (1982). The *Lugar* Court explicitly provided: "If the creditor–plaintiff violates the debtor–defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations." *Id.* at 934. The gravamen of Plaintiff's claim is that by failing to comply with Wisconsin law requiring creditors to first docket judgment in Wisconsin court before serving California process "extra–territorially" in Wisconsin and garnishing Plaintiff's wages, Defendants violated her Fourteenth Amendment due process rights. Whether or not her employer could have instead been served in California because it a national company is irrelevant to the issue of whether Defendants violated Plaintiff's due process rights by not first docketing the judgment in Wisconsin before executing a judgment in that state as required by Wisconsin state law. The Court finds that Plaintiff's allegations provide a plausible basis for a section 1983 claim.

Defendants' point to the Wards' affidavits in Wisconsin federal court attesting that they had assigned the right to collect judgment to Smith and Associates and the court's observation that "the complaint contains no well–pleaded factual allegation that . . . the Wards were involved in the garnishment or that they knew that collection activities would involve Wisconsin in any way." (Mot. Att'y Fees at 4–5, ECF No. 96.) However, in her complaints before this Court, Plaintiff alleged that the Wards "retained Defendant Smith [and] Associates to collect that debt via collection efforts and legal process" (FAC ¶ 46, ECF No. 48), which suggests that Smith and Associates were acting on behalf of Plaintiff. While Defendants may have ultimately prevailed on the issue, the Court did not reach the merits of the argument and declines to do so on Defendant's motion for attorney's fees based on Defendants' affidavits filed in a different court. Attorney's fees in civil rights cases are awarded to defendants only in exceptional cases where plaintiff's claims are demonstrably frivolous. *Saman,* 173 F.3d at 1157. This case is not such an exception.

Accordingly, the Court **DENIES** Defendants' motion for attorney's fees under 42 U.S.C. § 1988.

## II.   28 U.S.C. § 1927

### A.   Legal Standard

Title 28, United States Code, Section 1927 ("section 1927") provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  District courts have discretionary authority "to hold attorneys personally liable for excessive costs for unreasonably multiplying proceedings." *Gadda v. Ashcroft,* 377 F.3d 934, 943 n. 4 (9th Cir. 2004).  An attorney who "multiplies the proceedings" may be required to pay the excess fees and costs caused by such conduct. *Braunstein v. Arizona Dept. of Transp.,* 683 F.3d 1177, 1189 (9th Cir. 2012). There must be a showing of the attorney's recklessness or bad faith.  *Estate of Blas Through Chargualaf v. Winkler,* 792 F.2d 858, 860 (9th Cir.1986).  Sanctions under section 1927 are warranted when attorneys file repetitive motions or generate an extraordinary volume of paperwork in the case. *Braunstein,* 683 F.3d at 1189.  Section 1927 does not permit sanctions for the initial filing of the complaint; rather, the sanctions only apply to subsequent filings and tactics which multiply the proceedings. *Moore v. Keegan Mgmt. Co.,* 78 F.3d 431, 435 (9th Cir. 1996).

### B.   Sanctions

Defendants contend that Plaintiff's counsel should be sanctioned pursuant to 42 U.S.C. § 1927 because the groundless nature of Plaintiff's claims was apparent before the FAC was filed in this Court and Plaintiff's counsel nonetheless needlessly multiplied the litigation and perpetuated a frivolous action.  The sanctions sought by Defendants require a specific finding of subjective bad faith. *In re Keegan*, 78 F.3d at 436–37.  "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Id.* at 436.  For the reasons set forth in the Court's discussion

9

of attorney's fees, Plaintiff's claims were not facially frivolous. As such, there must be a finding that Plaintiff intended to harass through her conduct. The record does not support such a finding. Even under the standard pursuant to 28 U.S.C. § 1927, the Court concludes that Plaintiff's counsel did not multiply the proceedings unreasonably or vexatiously. Plaintiff agreed to dismiss the case with prejudice before Defendants' initial motion to dismiss was resolved. Accordingly, the Court **DENIES** Defendants' motion for sanctions.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' motion in its entirety. The hearing set for June 17, 2016 is hereby **VACATED**.

**IT IS SO ORDERED**.

Dated: June 14, 2016

Hon. Gonzalo P. Curiel
United States District Judge